**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AROSA SOLAR ENERGY SYSTEMS, INC.,<br>Plaintiff,<br>v.<br>RECOM SOLAR, LLC, et al.,<br>Defendants. | Civil Action No. 18-1340 (MAS) (DEA)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Recom Solar, LLC's ("Recom") Motion to Dismiss for Lack of Jurisdiction and to Stay Discovery. (ECF No. 23.) Plaintiff Arosa Solar Energy Systems, Inc. ("Arosa") opposed. (ECF No. 24.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Recom's Motion is denied.

## I. BACKGROUND

Arosa is a New Jersey corporation that sells and installs solar panels. (Compl. ¶¶ 1, 14, ECF No. 1; *see also* Arosa's Order to Show Cause Certif. ("OTSC Certif.") ¶ 2, ECF No. 29.) Recom is a Delaware limited liability company whose sole member is a resident of the Republic

of Cyprus. (OTSC Certif. ¶¶ 3–5.) Defendant Malark is a group of Minnesota business entities.[1] (Compl. ¶ 5.)

On January 3, 2018, Arosa and Recom entered into a contract (the "Contract") in which Recom agreed to sell Arosa 960 solar panels for $171,264. (*Id.* ¶¶ 15–16.) According to Arosa, the fair market value of the panels was over $300,000. (*Id.* ¶ 18.) Arosa alleges that pursuant to the Contract, the panels were to be delivered on the third calendar week of 2018. (*Id.* ¶ 19.) Arosa asserts Recom failed to deliver the panels by the Contract's delivery date. (*Id.* ¶ 20.) Arosa also alleges that Recom made several promises that delivery was imminent but has failed to satisfy its obligations under the Contract. (*Id.* ¶¶ 22–24.) Moreover, Arosa represents that while awaiting delivery and in reliance on Recom's promises, Arosa "cut customized metal frames to hold the [p]anels[] on several properties owned by third party customers[.]" (*Id.* ¶ 23.) Arosa also alleges that the panels are stored with Malark, which will not release or deliver them despite Recom's instructions to do so. (*Id.* ¶¶ 7–9, 26.)

On January 31, 2018, Arosa filed the instant action against Recom, its sole member Hamlet Tunyan ("Tunyan"), Recom AG,[2] and Malark.[3] (*See generally id.*) The Complaint seeks (1) a

---

[1] Plaintiff refers to the following Defendant entities collectively as "Malark": Malark Enterprises, Inc.; Malark Holdings, LLC; Malark Industries, Inc.; Malark Leasing LLC; Malark Logistics, Inc.; Malark Motor Express, Inc.; and Malark Warehousing, Inc. (Compl. ¶ 5.) Plaintiff, however, appears to mistakenly refer to the entities throughout its Complaint as both "Malark" and "Lamark." (*See generally id.*) Because the Complaint initially refers to the entities as "Malark," the Court will refer to them as such throughout the instant Memorandum Opinion.

[2] Arosa alleges Recom AG is a "German entity and the corporate owner, operator[, ]and controller of Defendant Recom." (Compl. ¶ 3.)

[3] Arosa invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 11.) Section 1332 requires "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006); *see also* 28 U.S.C. § 1332(a).

judgment of replevin against Recom and Malark requiring them to turn over the panels, (*id.* ¶¶ 29–35), and asserts the following other causes of action: (2) breach of contract, (3) unjust enrichment, and (4) fraudulent inducement against Recom, (*id.* ¶¶ 36–46, 70–76); (5) tortious interference and (6) breach of contract against Malark, (*id.* ¶¶ 47–57); (7) breach of contract and (8) unjust enrichment against Recom AG, (*id.* ¶¶ 58–69); and (9) fraudulent inducement against Tunyan, (*id.* ¶¶ 77–82). Arosa requests judgments of $450,000 for Counts Two and Four through Nine, and of $171,640 for Count Three.[4] (*Id.* at 10.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891. When evaluating a factual

[4] On March 5, 2018, Arosa voluntarily dismissed its claims against Malark with prejudice. (ECF No. 6.)

challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial attack, no presumption of truth attaches to the plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

## III. DISCUSSION

Recom moves to dismiss Arosa's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (ECF No. 23.) Recom challenges Arosa's version of events and asserts that although the Contract "explicitly provided that the delivery period was to be '[t]he Calendar Week 03, 2018'" it also provided that the "delivery period is not to be considered as commitment but as an estimate only." (Recom's Moving Br. 1, ECF No. 23-1 (alteration in original) (citing Contract 2, Ex. A to Recom's Mot., ECF No. 23-2).) Recom further asserts that on January 8, 2018, it had trouble contacting Malark, the warehouse in which the panels were stored. (*Id.* at 1–2.) Moreover, Recom maintains that after Arosa filed the instant Complaint, Recom "was in contact with [Arosa] in a good faith attempt to resolve the issues and ensure that [Arosa] would obtain possession of the" panels. (*Id.* at 2.) According to Recom, in or about the end of February 2018, the panels became available to be picked up and Arosa took possession shortly thereafter. (*Id.*)

Considering the aforementioned factual assertions, Recom does not understand why Arosa immediately filed the instant action. (*Id.* at 2, 7.) Recom maintains that "it is clear, even from the face of the Complaint, that the fact that [Arosa] was entitled to delivery of the panels was never in dispute and that Recom . . . was actively working to ensure that [Arosa] would receive the delivery promptly." (*Id.* at 7.) Accordingly, Recom argues that because Arosa eventually received the panels, its damages are below the amount in controversy requirement for diversity jurisdiction. (*Id.* at 8.)

"[A]s a general rule, the amount in controversy is determined as of the time the complaint is filed, and that once a federal court finds that it has diversity jurisdiction, subsequent events cannot divest the court of jurisdiction." *Carlisle v. Matson Lumber Co.*, 186 F. App'x 219, 225 (3d Cir. 2006) (citing *Newman-Green Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)). This rule is subject to exceptions, including "situations where a plaintiff has claimed satisfaction of the jurisdictional amount in bad faith, or when subsequent events reveal that the amount actually in controversy at the time of filing was less than the threshold amount." *Id.* Here, Recom does not argue—and there is nothing in the record to suggest—that Arosa claimed its jurisdictionally-sufficient damages in bad faith. (*See generally* Recom's Moving Br.) The Court, accordingly, declines to dismiss Arosa's Complaint for lack of subject matter jurisdiction on this ground.

Subsequent revelations, on the other hand, "that the amount in controversy is—and always was—insufficient" are grounds for dismissal. *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017); *see also Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) ("[T]here may be 'subsequent revelations' that, in fact, the required statutory amount was not in controversy at the commencement of the action. The Supreme Court has endorsed the practice of dismissing a case on the basis of post-filing *revelations* regarding the invalidity of claims at the time of filing[.]" (emphasis in original)). "Dismissal is warranted, however, only when a subsequent revelation *clearly establishes* that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction." *Huber*, 532 F.3d at 244 (emphasis added).

Here, according to the Complaint, Arosa wired Recom $171,264 on January 3, 2018 pursuant to the terms of the Contract. (Compl. ¶ 16.) By the time Arosa filed the instant Complaint on January 31, 2018, it had not received the panels in question, despite an estimate that delivery was to be made on the third week of 2018. (*Id.* ¶¶ 19–20; Contract 2.) Arosa also asserts that Recom made numerous promises that delivery was imminent but, as of the filing of the Complaint,

the panels had not been delivered. (Compl. ¶¶ 22–24.) Arosa also alleges that the panels were being held by Malark, which refused to carry out the delivery. (*Id.* ¶¶ 25–26.) Finally, Recom concedes that delivery of the panels was not made until late February 2018. (Recom's Moving Br. 2.) The Court, therefore, is unpersuaded that it has been clearly established that, at the time the Complaint was filed on January 31, 2018, Arosa—allegedly deprived of $171,264—did not present claims that could have exceeded $75,000. *See Huber*, 532 F.3d at 245–46 (finding no subsequent revelations warranting dismissal after plaintiffs had filed a complaint seeking $650,000 in damages and attorneys' fees, despite the fact that they subsequently failed to prevail on the majority of their claims); *but see Carlisle*, 186 F. App'x at 226–27 (affirming dismissal of action and agreeing with district court that it could have dismissed the action based on the subsequent revelation at an evidentiary hearing that the value of the property at issue was well-below $75,000); *State Farm Mut. Auto. Ins. v. Powell*, 87 F.3d 93, 97 (3d Cir. 1996) ("Simple arithmetic demonstrate[d] that at the time the action was filed, then, only $50,000 was in controversy."); *Dovale v. Marketsource, Inc.*, No. 05-2972, 2006 WL 2385099, at *12–13 (D.N.J. Aug. 17, 2006) (remanding matter for lack of subject matter jurisdiction after a review of the contract between the parties revealed there was "no doubt" that any unjust enrichment did not exceed $75,000); *see also Franklin Mut. Ins. v. Broan-Nutone, LLC*, No. 10-4845, 2012 WL 12902719, at *1–2 (D.N.J. Mar. 30, 2012) (ordering plaintiff to submit affidavit regarding its initial claim for damages where it was unclear whether plaintiff's subsequent claim that the amount in controversy was $71,913.16 was due to a subsequent event or revelation).

Arosa's claims, particularly its claim for breach of contract, may very well fail if Recom's factual assertions are proven to be true. *See First Nat. State Bank of N.J. v. Commonwealth Fed. Sav. & Loan Ass'n of Norristown*, 610 F.2d 165, 174 (3d Cir. 1979) ("The object of a remedy for breach of contract is to make the aggrieved party whole."). Such potential failures, however, "are

in the nature of subsequent events that do *not* oust the court of subject matter jurisdiction." *Huber*, 532 F.3d at 246 (emphasis in original); *see also id.* at 247 ("While *subsequent events* have established that [p]laintiffs cannot prevail on their claims of fraud, we have found that those subsequent events did not destroy the court's diversity jurisdiction." (emphasis in original)). The Court, therefore, has "no basis for finding that the legal impossibility of recovery is so certain as to negate [Arosa's] commencement-of-the-action allegations regarding the amount in controversy." *Id.* Accordingly, the Court declines to dismiss the Complaint for lack of subject matter jurisdiction on this ground and denies Recom's Motion to Dismiss.[5]

## IV. CONCLUSION

For the reasons set forth above, Recom's Motion to Dismiss is denied. The Court will enter an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[5] Recom also requested "that this Court stay any and all discovery until the instant Motion to Dismiss is decided[.]" (Recom's Moving Br. 10.) Having decided Recom's Motion to Dismiss in the instant Memorandum Opinion, the Court finds this request to be moot.